United States District Court
Southern District of Texas
**ENTERED**
December 07, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-365 |
| | § | |
| AMERICAN MULTI CINEMA, INC., | § | |
| *d/b/a* AMC THEATRES DEERBROOK 24, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This is a trip-and-fall case. As in many Texas slip-or-trip-and-fall premises-liability cases, the defendant premises owner moves for summary judgment, arguing that the evidence does not raise an inference of actual or constructive notice of the dangerous condition that caused the fall. (Docket Entry No. 19). After a careful review of the motion, response, and reply, the record, and the applicable law, the court finds an insufficient basis to conclude that, as a matter of law, the defendant did, or did not, have prior actual or constructive notice of the condition—an unlit stair step in a dark movie theatre—that allegedly caused the moviegoer plaintiff to trip, fall, and injure himself. The motion for summary judgment, (Docket Entry No. 19), is denied, and the motion for continuance, (Docket Entry No. 16), is moot. The reasons are explained below.

**I.   Background**

    **A.   The Record**

In January 2018, Joseph Hernandez arrived at the AMC Theatre Deerbrook in Humble, Texas, to see a movie. As he made his way to his seat, he tripped and fell. Hernandez alleges that he tripped and fell on an unlit step that was unreasonably dangerous. The issue is whether AMC

had prior notice, actual or constructive, of the fact that lighting on the step was not working when Hernandez tripped.

The summary judgment evidence that AMC submitted includes the petition, AMC's responses to written discovery requests, and excerpts from Hernandez's deposition. Hernandez submitted a copy of portions of AMC's "Employee Job Safety Procedures" and the full transcript of his own deposition. He referred to, but he did not attach, a recorded statement of the manager of the AMC Theatre Deerbrook. AMC objects to the statement because it was not attached, and to the full deposition because no pin cites are provided.

The court will consider Hernandez's full deposition transcript; AMC's objection is overruled. The statement is not required for the court's ruling on the motion, and because it is not attached or authenticated, AMC's objection to it is sustained.

### B. The Legal Standards

"Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (per curiam) (internal quotation marks omitted); *accord* Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (internal quotation marks omitted). "The moving party . . . bears the initial responsibility of informing the district court of the basis for its motion," *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (internal quotation marks omitted), and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial." *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (per curiam) (internal quotation marks omitted). While the party moving for summary judgment must demonstrate the absence of a genuine and material factual dispute, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017) (per curiam) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)). "[A] fact is 'material' if its resolution could affect the outcome of the action." *Aly v. City of Lake Jackson*, 605 F. App'x 260, 262 (5th Cir. 2015) (per curiam). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) (internal quotation marks omitted).

"'When the moving party has met its . . . burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 331 (5th Cir. 2016) (per curiam) (quoting *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 317 (5th Cir. 2016) (internal quotation marks omitted)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort*

*Worth*, 880 F.3d 722, 727 (5th Cir. 2018), *cert. denied sub. nom. City of Fort Worth, Tex. v. Darden*, 139 S. Ct. 69 (2018).

The elements of a Texas cause of action for a premises liability trip and fall are clear: the plaintiff was an invitee; the defendant was the premises possessor; a condition on the premises presented an unreasonable risk of harm; the defendant knew or reasonably should have known of the condition; the defendant breached its duty of care by failing to warn or failing to make the condition reasonably safe; and the breach proximately caused the injury. *De Lago Partners v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010); *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 892 (5th Cir. 2000) ("Under Texas premises liability law, a merchant owes its invitees a duty to exercise reasonable care to protect them against dangerous store conditions known or discoverable to the merchant."). The issue is notice.

**II.    Discussion**

The record shows that AMC recognized in advance that the combination of stair steps and a dark theatre presents a significant risk of moviegoers tripping as they make their way to or from their seats. The Job Safety Procedures manual states that the "most common causes of slips, trips and falls are: Risers, steps, etc." (Docket Entry No. 20-1 at 4). The next section of the manual, labeled "prevention," requires employees, "[d]uring the daily pre-open theatre inspections and continual theatre monitoring, [to] look for the following: Lighting (both inside and outside) is working properly. . . . Aisle lighting is functional. . . . Riser and usher lighting is functional." (*Id.* at 4–5).

The evidence shows that very soon after Hernandez began walking up the steps, he tripped on an unlit stair riser. It was immediately evident that the lights on that step were not working. That fact distinguishes this case from those in many cases in which the presence of an unsafe

4

condition was not apparent to anyone until after the slip or trip and fall occurred.  *See Threlkeld*, 211 F.3d at 893 (summary judgment for the defendant was proper when no evidence showed that "water had been on the floor for a long enough period of time so as to give [the defendant] constructive knowledge of it").  In this case, by contrast, the danger of any unlit stair riser was so obvious that daily pre-opening and continual monitoring were required to detect it.  And in this case, it would have been clear to one coming to the stair at issue that it was unlit.

The record evidence does not permit the court to conclude, as a matter of law, that no evidence supports an inference that AMC knew, or reasonably should have known, before Hernandez tripped on the dark step and fell, that the lighting on the step was not working.  The evidence that AMC required employees to frequently check for precisely this problem, and the failure to restore the light to the stairway or post easily seen warnings about the steps, raise an inference that AMC had at least constructive knowledge of the dysfunctional lighting.

AMC's motion for summary judgment, (Docket Entry No. 19), is denied.  The motion for continuance, (Docket Entry No. 16), is denied as moot.

SIGNED on December 7, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge